# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

| | | |
|---|---|---|
| DIANNA KETCHUM,<br>Plaintiff | ) ) ) | **JURY TRIAL REQUESTED** |
| v. | ) ) ) | |
| EQUIFAX INFORMATION<br>SERVICES LLC; | ) ) ) | 3.10CV 167 |
| EXPERIAN INFORMATION<br>SOLUTIONS, INC.; | ) ) ) | |
| TRANS UNION CORPORATION; | ) ) | |
| And | ) ) | |
| WELLS FARGO BANK N.A.<br>Defendants | ) ) ) | |

## COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

COMES NOW Dianna Ketchum, Plaintiff, bringing this complaint against Wells

Fargo Bank N.A., Experian Information Solutions, Inc., Equifax Information Services LLC

and Trans Union Corporation, saying:

## PARTIES

1.     Plaintiff Dianna Ketchum is a natural person and a resident of the

Commonwealth of Virginia.

2.     Defendant Wells Fargo Bank N.A. (hereinafter "Defendant Wells Fargo") is a

national financial institution which does business in the Richmond Division of the Eastern

District of Virginia.

1

3.     Experian Information Solutions, Inc. (hereinafter "Defendant Experian") is a corporation incorporated under the laws of Ohio and authorized to do business in the Richmond Division of the Eastern District of Virginia.

4.     Experian Information Solutions, Inc. is a consumer reporting agency as defined by the Fair Credit Reporting Act, 15 USC §1681f.

5.     Experian Information Solutions, Inc. may be served through its registered agent:

> David N. Anthony,
> Troutman Sanders
> 1001 Haxall Point
> Richmond, VA 23219

6.     Equifax Information Services LLC (hereinafter "Defendant Equifax") is a limited liability company organized under the laws of Georgia and authorized to do business in the Richmond Division of the Eastern District of Virginia.

7.     Equifax Information Services LLC is a consumer reporting agency as defined by the Fair Credit Reporting Act, 15 USC §1681f.

8.     Equifax Information Services LLC may be served through its registered agent:

> Corporation Service Company
> 11 South 12th St
> P.O. Box 1463
> Richmond, VA 23218

9.     Trans Union Corporation (hereinafter "Defendant Trans Union") is a corporation incorporated under the laws of Delaware and authorized to do business in the Richmond Division of the Eastern District of Virginia.

10.     Trans Union Corporation is a consumer reporting agency as defined by the Fair Credit Reporting Act, 15 USC §1681f.

11.     Trans Union Corporation may be served through its registered agent:

Beverley L Crump
11 South 12th Street
P. O. Box 1463
Richmond, VA 23219

12.     This is a complaint for violation of the Fair Credit Reporting Act, 15 USC

§1681 et seq.

## JURISDICTION

13.     This court has jurisdiction over violations of the Fair Credit Reporting Act

under 15 USC §1681p and 28 USC §1331. Venue is proper under 28 USC §1391.

## JURY TRIAL DEMAND

14.     Plaintiff Dianna Ketchum hereby demands that all issues in this case

triable by a jury be so tried.

## STATEMENT OF FACTS

15.     In 2002, Jeffrey Ketchum, husband of Plaintiff Dianna Ketchum, opened a

credit card account with Defendant Wells Fargo.

16.     Jeffrey Ketchum was responsible individually for this credit card account.

17.     Some time in 2005, Jeffrey Ketchum requested that Plaintiff Dianna Ketchum

be added as an "authorized user" on his account with Defendant Wells Fargo.

18.     Plaintiff Dianna Ketchum did not sign any documentation making her

personally liable for the credit card account with Defendant Wells Fargo.

19.     In 2008, Jeffrey Ketchum sought assistance filing for bankruptcy from the Law

Office of Robert Weed.

20.     To gather information for his bankruptcy petition, Mr. Ketchum obtained his

3

Experian credit file.

21.     Mr. Ketchum noticed that the account with Defendant Wells Fargo was listed as "joint" responsibility.

22.     As a result of this discovery, Plaintiff Dianna Ketchum decided to obtain her credit file, compiled and maintained by Defendant Experian, on May 11, 2009.

23.     At that time, Plaintiff Dianna Ketchum learned that Defendant Wells Fargo was reporting her husband's credit card account on her consumer credit file.

24.     On May 18, 2009, Plaintiff Ketchum sent a letter to Defendant Experian requesting a reinvestigation of Defendant Wells Fargo's account.

25.     Plaintiff Ketchum's letter explained that she was an authorized user on the account in question, and was not responsible for the debt.

26.     On May 25, 2009, Defendant Experian sent its response to Plaintiff Ketchum, indicating that Defendant Wells Fargo had verified the debt as hers.

27.     Defendant Experian in fact inquired of Defendant Wells Fargo whether Plaintiff Dianna Ketchum was liable for the account in question.

28.     Defendant Wells Fargo in fact did verify to Defendant Experian that Plaintiff Ketchum was liable for the account.

29.     Defendant Experian failed to conduct any other investigation, other than contacting Defendant Wells Fargo.

30.     Defendant Wells Fargo failed to conduct any investigation to determine whether Plaintiff Ketchum was in fact liable on the account.

31.     On June 12, 2009, Plaintiff Dianna Ketchum obtained her credit file, compiled and maintained by Defendant Equifax.

32.     Plaintiff Ketchum learned that Defendant Wells Fargo was reporting her husband's credit card account on her Equifax consumer credit file as well.

33.     On June 12, 2009, Dianna Ketchum did an online request for reinvestigation with Defendant Equifax, stating that she was not liable as a joint account holder for the account with Defendant Wells Fargo.

34.     On June 25, 2009, Defendant Equifax sent the results of its investigation to Ms. Ketchum, which stated "Equifax verified that this item belongs to you."

35.     Defendant Equifax in fact inquired of Defendant Wells Fargo whether Plaintiff Dianna Ketchum was liable for the account in question.

36.     Defendant Wells Fargo in fact did verify to Defendant Equifax that Plaintiff Ketchum was liable for the account.

37.     Defendant Equifax failed to conduct any other investigation, other than contacting Defendant Wells Fargo.

38.     Defendant Wells Fargo failed to conduct any investigation to determine whether Plaintiff Ketchum was in fact liable on the account.

39.     On June 12, 2009, Plaintiff Dianna Ketchum obtained her credit file, compiled and maintained by Defendant Trans Union.

40.     Plaintiff Ketchum learned that Defendant Wells Fargo was reporting her husband's credit card account on her Trans Union consumer credit file as well.

41.     On June 12, 2009, Dianna Ketchum did an online request for reinvestigation with Defendant Trans Union, stating that she was not liable as a joint account holder for the account with Defendant Wells Fargo.

42.     On June 27, 2009, Defendant Trans Union sent the results of its investigation

to Ms. Ketchum, which verified that the Wells Fargo debt belonged to Plaintiff Ketchum.

43.     Defendant Trans Union in fact inquired of Defendant Wells Fargo whether Plaintiff Dianna Ketchum was liable for the account in question.

44.     Defendant Wells Fargo in fact did verify to Defendant Trans Union that Plaintiff Ketchum was liable for the account.

45.     Defendant Trans Union failed to conduct any other investigation, other than contacting Defendant Wells Fargo.

46.     Defendant Wells Fargo failed to conduct any investigation to determine whether Plaintiff Ketchum was in fact liable on the account.

47.     On July 20, 2009, Plaintiff Ketchum sent letters to Defendants Trans Union and Equifax disputing the debt with Defendant Wells Fargo.

## CLAIM FOR RELIEF AGAINST DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

48.     Plaintiff restates herein all previous paragraphs.

49.     Upon notice of a dispute by a consumer with an item in the consumer's credit report, the Fair Credit Reporting Act, 15 USC § 1681i(a)(1) requires that Defendant Experian reinvestigate the status of the of the disputed information and correct any mistakes.

50.     Defendant Experian failed to properly reinvestigate the liability of Dianna Ketchum for the account with Defendant Wells Fargo and correct any inaccuracies, after receiving actual notice of those inaccuracies.

51.     As a result of this conduct, action and inaction, of Defendant Experian, plaintiff Dianna Ketchum suffered mental and emotional distress.

6

52. Defendant Experian's conduct, action and inaction, was willful, making it liable for actual and statutory damages, and punitive damages in an amount to be determined by the court pursuant to 15 USC § 1681n.

53. In the alternative, Defendant Experian's conduct was negligent, entitling plaintiff Dianna Ketchum to actual damages under 15 USC § 1681o.

## CLAIM FOR RELIEF AGAINST DEFENDANT EQUIFAX INFORMATION SOLUTIONS LLC

54. Plaintiff restates herein all previous paragraphs.

55. Upon notice of a dispute by a consumer with an item in the consumer's credit report, the Fair Credit Reporting Act, 15 USC § 1681i(a)(1) requires that Defendant Equifax reinvestigate the status of the of the disputed information and correct any mistakes.

56. Defendant Equifax failed to properly reinvestigate the liability of Dianna Ketchum for the account with Defendant Wells Fargo and correct any inaccuracies, after receiving actual notice of those inaccuracies.

57. As a result of this conduct, action and inaction, of Defendant Equifax, Plaintiff Dianna Ketchum suffered mental and emotional distress.

58. Defendant Equifax's conduct, action and inaction, was willful, making it liable for actual and statutory damages, and punitive damages in an amount to be determined by the court pursuant to 15 USC § 1681n.

59. In the alternative, Defendant Equifax's conduct was negligent, entitling plaintiff Dianna Ketchum to actual damages under 15 USC § 1681o.

## CLAIM FOR RELIEF AGAINST DEFENDANT TRANS UNION
## CORPORATION

60.     Plaintiff restates herein all previous paragraphs.

61.     Upon notice of a dispute by a consumer with an item in the consumer's credit report, the Fair Credit Reporting Act, 15 USC § 1681i(a)(1) requires that Defendant Trans Union reinvestigate the status of the of the disputed information and correct any mistakes.

62.     Defendant Trans Union failed to properly reinvestigate the liability of Dianna Ketchum for the account with Defendant Wells Fargo and correct any inaccuracies, after receiving actual notice of those inaccuracies.

63.     As a result of this conduct, action and inaction, of Defendant Trans Union, Plaintiff Dianna Ketchum suffered mental and emotional distress.

64.     Defendant Trans Union's conduct, action and inaction, was willful, making it liable for actual and statutory damages, and punitive damages in an amount to be determined by the court pursuant to 15 USC § 1681n.

65.     In the alternative, Defendant Trans Union's conduct was negligent, entitling plaintiff Dianna Ketchum to actual damages under 15 USC § 1681o.

## CLAIM FOR RELIEF AGAINST DEFENDANT WELLS FARGO BANK N.A.

66.     Upon notice of a dispute, Defendant Wells Fargo was required by 15 U.S.C. § 1681s-2(b)(1) of the Fair Credit Reporting Act to conduct an investigation and report the results of that investigation to all of the consumer reporting agencies.

67.     Defendant Wells Fargo also has a duty under 15 U.S.C. § 1681s-2(a)(2) of the Fair Credit Reporting Act to make whatever corrections to a consumer's information are

8

68.    Defendant Wells Fargo failed to conduct an investigation and failed to correct the inaccurate information furnished on Plaintiff Dianna Ketchum with the credit reporting agencies.

69.    As a result of this conduct, action and inaction, of Defendant Wells Fargo, the Plaintiff suffered mental and emotional distress.

70.    Defendant Wells Fargo's conduct, action and inaction, was willful, making it liable for actual and statutory damages, and punitive damages in an amount to be determined by the court pursuant to 15 USC § 1681n.

71.    In the alternative, Defendant Wells Fargo's conduct was negligent, entitling Plaintiff Dianna Ketchum to actual damages under 15 USC § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dianna Ketchum prays this honorable court:

1.    Award actual damages that Dianna Ketchum has suffered as a result of the negligent or willful actions of Defendant Wells Fargo.

2.    Award actual damages that Dianna Ketchum has suffered as a result of the negligent or willful actions of Defendant Experian.

3.    Award actual damages that Dianna Ketchum has suffered as a result of the negligent or willful actions of Defendant Equifax.

4.    Award actual damages that Dianna Ketchum has suffered as a result of the negligent or willful actions of Defendant Trans Union.

5.    Award punitive damages against Defendant Wells Fargo for willful violations of the Fair Credit Reporting Act.

6.    Award punitive damages against Defendant Experian for willful violation of

the Fair Credit Reporting Act.

    7.    Award punitive damages against Defendant Equifax for willful violation of the Fair Credit Reporting Act.

    8.    Award punitive damages against Defendant Trans Union for willful violation of the Fair Credit Reporting Act.

    9.    Award reasonable attorney's fees for the present action.

    10.    Order such other and further relief as may be just.

RESPECTFULLY SUBMITTED

DATE   3/5/10

By     _Joelle Gotwals_

Joelle Gotwals, VSB 76779
Law Offices of Robert Weed
Attorney for Dianna Ketchum
7900 Sudley Road, Suite 409
Manassas, VA 20109
703-335-7793
Fax 703-369-2696
Joelle@robertweed.com